**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RICHARD BURNS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:26-cv-165-MAB** |
| | ) | |
| **TNI TRANSPORTATION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Presently before the Court is Defendant TNI Transportation, Inc.'s Motion to Dismiss (Doc. 10). For the reasons set forth below, the Motion to Dismiss (Doc. 10) is DENIED.

## BACKGROUND

On February 12, 2026, Richard Burns ("Plaintiff") filed his Complaint pursuant to 42 U.S.C. § 12101, *et seq*. as amended (the Americans with Disabilities Act of 1990, or "the ADA") (*see* Doc. 1). Specifically, Plaintiff's Complaint advances four counts of ADA violations against Defendant TNI Transportation, Inc. ("Defendant"): (1) disability-based discrimination (Count I), (2) disability-based harassment (Count II), (3) failure to accommodate (Count III), and (4) retaliation (Count IV) (*Id.* at 1). Plaintiff has osteoarthritis in his right hip and has suffered from this condition since 2009 (*Id.* at 3).[1] As a result of his hip condition, Plaintiff retained a valid medical examiner's certificate

[1] In reviewing a motion to dismiss, the Court takes the well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *E.g., Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512-13 (7th Cir. 2020).

from the Department of Transportation, which medically certifies him to drive without restriction (*Id.*). Defendant offered Plaintiff employment after Plaintiff successfully passed Defendant's background check and drug screen (*Id.*). Plaintiff was informed that he had been "hired" and would be scheduled for his road test (*Id.*). When Plaintiff arrived at his road test on November 11, 2025, he used a cane to walk to the truck he was scheduled to drive for the test (*Id.*). Upon seeing Plaintiff walking with a cane, Defendant's Safety Manager stopped the test from moving forward and told Plaintiff that he would need to speak with the recruiter about Plaintiff's medical condition (*Id.* at 4). The next day, Defendant rescinded Plaintiff's offer of employment (*Id.* at 5).

Plaintiff filed a charge of discrimination with the EEOC (Doc. 1-2), received a Notice of Right to Sue letter (Doc. 1-3), and then filed his Complaint in federal court (Doc. 1). Defendant filed the present Motion to Dismiss on the basis that Plaintiff failed to exhaust his administrative remedies (Doc. 10, p. 1). Specifically, Defendant contends that the EEOC prematurely granted Plaintiff a Notice of Right to Sue Letter prior to the completion of the EEOC's statutorily-required 180 day investigation period (*Id.* at 3). Plaintiff responded that he properly exhausted his administrative remedies with the EEOC, and Defendant replied (Docs. 19, 23).

## LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the

Court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *E.g., Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512-13 (7th Cir. 2020). However, "legal conclusions and conclusory allegations . . . are not entitled to this presumption of truth." *Dix*, 978 F.3d at 513 (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S, 555, 557 (2007)). "[W]hile a complaint does not need 'detailed factual allegations' to survive a 12(b)(6) motion to dismiss, it must allege sufficient facts 'to state a claim to relief that is plausible on its face.'" *Dix*, 978 F.3d at 512-13 (quoting *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014)).

Additionally, while "a plaintiff is not required to anticipate and refute defenses in his complaint," a plaintiff's complaint may be properly dismissed by the Court "[o]nly when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

## DISCUSSION

Defendant's threshold argument in its Motion is that Plaintiff failed to exhaust his administrative remedies. However, the Court is not persuaded. At the pleading stage, Plaintiff is not required to "anticipate—much less refute—a possible affirmative defense." *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 645 (7th Cir. 2022). Rather, all Plaintiff must do is provide enough factual information to state a claim for relief that is plausible on its face. *Camasta,* 761 F.3d at 736. Plaintiff's Complaint alleges that he

satisfied all of the administrative prerequisites before filing suit (Doc. 1, p. 2). Specifically, Plaintiff alleges that he filed a charge of discrimination with the EEOC; that he received a Notice of Right to Sue letter from the EEOC; and that he then filed his Complaint in federal court within the next 90 days after his receipt of the Right to Sue letter (*Id.*). Moreover, Plaintiff attaches exhibits to his Complaint that demonstrate his completed administrative steps (Docs. 1-2, 1-3). Accordingly, Plaintiff has sufficiently alleged all that is required of him to plead that he exhausted his administrative remedies. *See Briedecker v. Garnett Wood Prods., Inc.*, No. 3:20-cv-253-MAB, 2021 WL 376620 at *3 (S.D. Ill. Jan. 5, 2021) ("Here, all the complaint says is that Plaintiff received a right to sue letter from the EEOC…Plaintiff did not plead anything more regarding the charge he filed with the EEOC. Thus, nothing on the face of the complaint compels the conclusion that Plaintiffs failed to file a timely charge with the EEOC and thus failed to exhaust his administrative remedies prior to filing suit.").

It is well settled that Plaintiff has no obligation to allege facts in the Complaint that would negate an affirmative defense. *See, e.g. Mosely v. Board of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). In fact, courts typically refrain from dismissing a case on a motion to dismiss based on an affirmative defense. *United States v. N. Tr. Co.*, 372 F.3d 886, 888 (7th Cir. 2004) ("A complaint states a claim on which relief may be granted whether or not some defense is potentially available."); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) ("[C]omplaints do not have to anticipate affirmative defenses to survive a motion to dismiss."); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("[C]ourts should usually refrain from granting Rule 12(b)(6) motions on

affirmative defenses [because] Rule 12(b)(6) tests whether the complaint states a claim for relief, and . . . . [t]he mere presence of a potential affirmative defense does not render the claim for relief invalid.”).

The one exception to this general rule—when a case may properly be dismissed at the pleading stage based on an affirmative defense—is when “the allegations of the complaint . . . set forth everything necessary to satisfy the affirmative defense.” *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). However, that exception is not applicable in this instance. Plaintiff’s Complaint sufficiently pleads that he exhausted his administrative remedies and there is nothing on the face of the Complaint that compels the conclusion that Plaintiff failed to exhaust. *See Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006) (a plaintiff has no obligation to allege facts negating an affirmative defense and finding “nothing on the face of [plaintiff’s] complaint compels a conclusion that she failed to exhaust.”); *Vance v. Amazon.com Servs., LLC*, No. 24 C 1111, 2024 WL 3823176, at *2 (N.D. Ill. Aug. 14, 2024) (denying motion to dismiss because the plaintiff’s complaint “does not compel a conclusion that he failed to exhaust administrative remedies before filing suit.”); *Zimny v. Geneva Cmty. Unit Sch. Dist. 304*, 718 F. Supp. 3d 776, 786 (N.D. Ill. 2024) (denying motion to dismiss on the basis of exhaustion because the face of the plaintiff’s complaint did not “compel[] a conclusion” that the plaintiff failed to exhaust) (citation omitted).

In its Motion to Dismiss, Defendant also contends that the statute is clear that the EEOC must wait 180 days to complete its investigation, or dismiss the charge, prior to issuing a Notice of the Right to Sue letter (Doc. 10, p. 3). Defendant relies on *Simler*, noting

that the Court found that the EEOC engaged in only a 15-day investigation of the plaintiff's charge of discrimination, which is not consistent with the requirements of 42 U.S.C. § 2000e-5. *Simler v. Harrison County Hosp.*, 110 F.Supp.2d 886, 891 (7th Cir. 2000). However, as Plaintiff correctly notes, *Simler* was decided on a motion for summary judgment, with a developed evidentiary record, not on a motion to dismiss, where the well-pleaded facts are taken as true and all reasonable inferences are made in the plaintiff's favor (Doc. 19, p. 6).

Defendant also raises the argument (in its reply brief) that the EEOC does not have the authority to go against the plain language of the statute and issue an early Notice of Right to Sue letter (Doc. 23, p. 3). However, whether the EEOC has the authority to grant an early Notice of Right to Sue letter is an issue well beyond the face of the pleadings and thus not appropriate for the Court to consider in a 12(b)(6) motion to dismiss. All that is required by Plaintiff in his initial pleading is "short and plain statement[s] of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp.*, 550 U.S. at 555; *see also* F.R.C.P. 8(a). Plaintiff has met this standard.

## Conclusion

For the reasons discussed above, Defendant TNI Transportation, Inc.'s Motion to Dismiss (Doc. 10) is **DENIED**

**IT IS SO ORDERED.**

**DATED: August 31, 2026**

Mark A. Beatty

**MARK A. BEATTY**
**United States Magistrate Judge**